VAN DER BROOKS *v.* CURRIER.

be dissolved upon an answer alleging such a defence, notwithstanding it is sufficient if true in point of fact, it not being a responsvie disclosure to a bill asking discovery, and because the practice was supposed not to allow affidavits to be read controverting the facts on which such defence is based, yet I think such is not the modern practice. The complainant may reply on this motion, by affidavit, to the defence, by way of avoidance, either traversing it or avoiding it by new matter, and in the absence of any such showing to the contrary, an injunction may be dissolved in the discretion of the Court, on such a defence being set up. *See Florence vs. vs Bates,* 2 *Code R.* 110; *Opinion by Mason, J.* cited at length in 1 *Wat., Eden on Inj.,* p. 138 and *note* 1. A defendant ought not to be in a worse position for complainant not having anticipated and negatived such defence in his bill.

The injunction is not important to the complainant in respect to the real estate remaining unsold, for a notice of *lis pendens* will subject all purchasers, *pendente lite,* to the final decree. And should the complainant be decreed to be entitled to redeem and have the proceeds of sale which defendant has made, paid over to him, after the satisfaction of the mortgage debt, there is no reason suggested in the bill to doubt the ability of the defendant to respond to such a decree.

The injunction must be dissolved.

---

### ANDREAS VAN DER BROOKS *vs.* JOHN CURRIER.

A erected a dock on his premises on the bank of a navigable river. B, an adjoining lot owner · was about to construct a dock to extend out into the river some distance beyond A's dock ; whereupon A filed his bill of complaint against B, praying for an injunction restraining the defendant from erecting the proposed dock, setting forth that if the proposed dock be constructed, it would make it inconvenient for boats to approach and leave complainant's dock, thereby interfering with and obstructing the free navigation of the river. *Held,* in such case,

1. An injunction will not be granted unless the obstruction complained of will be a practical hindrance to the *public use.*

2. Where a complainant's legal right is doubtful a court of equity will not interfere by injunction before the legal right has been established at law.

*Bay Circuit, in Chancery.*

Motion to dissolve Injunction.

*By the Court*, SUTHERLAND, J.—These parties own adjoining lots on the east side of Saginaw river.

The complainant alleges in his bill that he erected a dock on his premises, five years ago, that it is useful as a place for loading and unloading vessels navigating the river, and that his lot is chiefly valua- for this convenience.

It also alleges that the defendant is in the act of building a dock on his premises, and proposes to extend it out into the river one hundred feet beyond the outer line of the complainant's dock, and beyond the line of other docks on the river ; that the defendant's dock if it is permitted to be constructed, will render access to the complainant's difficult ; that therefore the defendant's proposed dock will interfere with and obstruct the free navigation of the river, and will hence be a nuisance, and specially injurious to the complainant.

The defendant's answer admits that the parties have contiguous lots ; that the complainant has a dock on his ; that it is valuable on account of the access by water and the convenience of loading and unloading boats at his dock; that the defendant is in the act of building a dock on his premises, but denies that he intends to build it more than sixty-three feet into the river beyond the complainant's dock.

The defendant denies that his proposed dock will be any impediment to the navigation of the river; that it will encroach upon the navigable channel of the river, or extend beyond the line of other docks. He denies that the complainant will suffer any injury from it or has any right to complain of it ; denies, in short, that it will be a nuisance.

The answer is accompaied by a map, made a part of the answer; showing the relative extent of the docks, and other erections along the river, in the vicinity of the premises in question, and the course, width and depth of the river.

There would appear to be outside of the line of docks, and of the defendant's proposed dock, a clear space of over four hundred feet of water, of sufficient depth for boats of large size.

Apart from any inconvenience of access to complainant's dock, and inconvenience in departing from it, from the greater projection of the defendant's dock, there would seem to be no hindrance to nav-

igation. The bill, fairly construed, alleges no other; if it does it is freely denied by the answer.

Every encroachment upon a public river is not necessarily, nor *prima facie*, a public nuisance. *People vs. Carpenter*, 1 *Mich.*, 273, 588, 290, and cases there cited; *Queen vs. Betts*, 71 *Eng. C. L.*, 1022.

The gravamen of the complaint in this case is that the defendant by extending his dock out into the stream further than the complainant has built his, there will be an inconvenience in boats approaching and leaving the complainant's dock, because of the necessity to go around that of the defendant. This inconvenience in some measure is manifest.

If the complainant is at liberty to establish the water front of his dock where he pleases, and then has a right to insist that no other person shall build a dock extending further into the stream, and that it shall be left open above and below from that line, he may complain that the defendant in this case threatens an obstruction to that right. If such a right is conceded to the complainant, why may not the proprietor adjoining him on the other side build a dock only half as far into the river, and ask that it may not be incommoded by the complainant's? He could make the same argument that the public have a right to use the entire river, and carried to its ultimate logical results, it would prevent at the option of any riparian owner, any dock at all being built. Admit the argument to this extent, that every erection in any part of the river where the public has a right to pass is a nuisance, and the complainant is in the awkward attitude of asking the prevention of a threatened nuisance in favor of another, of the same nature maintained by himself.

The complainant has no other right in the navigability of the river than all other persons have; in other words, the river is not a highway, in any broader sense in favor of his riparian interests than all persons are entitled to claim for passage.

The test furnished by the case of *The People vs. Carpenter*, is the question of fact whether the erection complained of in the highway is or will be a practical hindrance to the public use, not of a way to the stream, or from the stream to private premises, but the public use of the stream itself.

The bill does not directly allege that the defendant's dock will be a practical hindrance except to boats approaching and leaving the

complainant's dock, and the answer, if the diagram it contains truly represents the river and the docks, shows that no other hindrance or obstruction is likely to result from it.

The depth of water immediately in front of the complainant's dock is not sufficient for vessels of the largest size that are used on the river ; the water in front of the defendant's proposed dock is of such depth. Has not the river such depth at the place in question that it may practically be. docked to such point as will allow the largest boats to approach without injuriously narrowing the navigable channel ? If so, would such dock be a nuisance ? 10 *Mich*, 125.

So far as this Court can judge from the proceedings, the proposed dock of the defendant, probably, would not be found by a jury to be a nuisance. Taking the most favorable view for the complainant, his legal right is doubtful. In such cases a court of equity will not interfere by injunction before the legal right has been established at law. *Hart vs. The Mayor, &c., of Albany*, 3 *Paige*, 213 ; 3 *Myl. & Keen.*, 169 ; 1 *Id.*, 185 ; 3 *Atk.*, 391 ; *Van Bergen vs. Van Bergen*, 3 *Johu. Ch. R.*, 282 ; *Reed vs. Gifford*, 6 *Id.*, 19 ; *Angel on Water Courses*, Sec. 452 ; *Robinson vs. Pittiger*, 1 *Green Ch. R.*, 57 ; *Omsted vs. Loonis*, 6 *Barb.*, 152 ; *Walk. Ch.*, 112.

The interference of equity rests on a clear and certain right, and an injurious interruption of that right which upon just and equitable grounds ought to be prevented. 2 *Wat., Eden on Inj.*, 270, and note.

This is not such a case.

The continuance of a special injunction to the hearing where the whole equity of the bill has been denied, is in the discretion of the Court, but will generally be refused, unless for reasons which make the case an exceptional one. If the complainant would by the dissolution lose the entire benefit of his bill in case he should succeed upon the proofs, the Court will ordinarily continue the injunction, but its effect upon the other party will be also considered.

The complainant in this case will not, so far as this Court can anticipate, suffer such a loss of the advantage of his bill, if he establish a right to the relief he seeks.

The commissioner for Saginaw County, acting as Injunction Master, had no authority to allow the injunction.

The injunction must be dissolved.